UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANA BADKE, an infant over the age of fourteen (14) years by her father and natural guardian, JOHN BADKE and JOHN BADKE, Individually,

                      Plaintiffs,

vs.

MARVEN WEIMAN,

                      Defendant.

**ECF**
**VERIFIED ANSWER**

Civil Action No. 08 CV 0210

---

The Defendant sued herein as MARVEN WEIMAN by his attorneys, GIBSON, McASKILL & CROSBY, LLP, as and for his Verified Answer to the Plaintiffs' Verified Complaint, herein alleges:

1. Admits the allegations contained in Paragraph 2.

2. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraphs 1, 3, 4, and 11.

3. Denies the allegations contained in Paragraphs 5, 6, 7, 8, 9, 12, and 13.

4. Denies each and every allegation of the Verified Complaint not heretofore specifically admitted, denied or otherwise controverted.

           **AS AND FOR A FIRST, SEPARATE AND COMPLETE**
           **AFFIRMATIVE DEFENSE THE DEFENDANT,**
           **MARVEN WEIMAN,**
           **ALLEGES UPON INFORMATION AND BELIEF:**

5. That the Court lacks personal jurisdiction over the Defendant MARVEN WEIMAN.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE THE DEFENDANT, MARVEN WEIMAN, ALLEGES UPON INFORMATION AND BELIEF:

6. Whatever injuries or damages the plaintiff Dana Badke may have sustained at the time and place alleged in the Verified Complaint were caused, in whole or in part, or contributed to by the culpable conduct and want of care on the part of the Plaintiff Dana Badke and without any negligence or want of care on the part of the Defendant MARVEN WEIMAN, his officers, agent, servants or employees.

7. Plaintiffs should be barred from recovery by reason of the fact that the subject accident was entirely the result of the culpable conduct on the part of the Plaintiff Dana Badke, or in the event the Plaintiffs are entitled to recover, the amount of damages otherwise recoverable should be diminished in the proportion to which the culpable conduct attributable to Plaintiff Dana Badke bears to the culpable conduct which caused the accident.

### AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE THE DEFENDANT, MARVEN WEIMAN, ALLEGES UPON INFORMATION AND BELIEF:

8. The Plaintiffs' Verified Complaint fails to state causes of action against the answering Defendant MARVEN WEIMAN.

### AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE THE DEFENDANT, MARVEN WEIMAN, ALLEGES UPON INFORMATION AND BELIEF:

9. That at the time of the occurrence alleged in the Verified Complaint of the Plaintiffs, the Plaintiff Dana Badke had available for her use seat belts and/or shoulder harnesses to prevent her partial or total ejection from the vehicle in which she was riding, to restrict her movement within the vehicle in which she was riding, and to prevent her coming in contact with portions of the vehicle in which she was riding, but said Plaintiff was contributorily negligent in that she did not use these restraining devices or did not use these restraining devices properly, with the result that the injury and damage to the Plaintiff Dana Badke and the extent thereof was increased beyond what it would have been if the aforementioned restraining devices had been used and/or used properly by the Plaintiff Dana Badke.

### AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE THE DEFENDANT, MARVEN WEIMAN, ALLEGES UPON INFORMATION AND BELIEF:

10. The plaintiff Dana Badke has failed to sustain serious injuries as defined by Section 5102 of the New York State Insurance Law.

### AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE THE DEFENDANT, MARVEN WEIMAN, ALLEGES UPON INFORMATION AND BELIEF:

11. Upon information and belief, the plaintiffs have or will receive reimbursement for past or future medical or dental care, loss of earnings and/or other economic loss in whole or in part from a collateral source, and by reason of the foregoing, the answering Defendant is entitled to an

offset or reduction of all such costs, expenses and/or losses pursuant to CPLR 4545(a) or(c) in any verdict or judgment obtained by the plaintiffs herein.

**WHEREFORE**, Defendant MARVEN WEIMAN demands judgment dismissing the Plaintiffs' Complaint; that in the event that the Plaintiffs are entitled to recover, the amount of damages recoverable should be diminished in the proportion which the culpable conduct which caused the damages; that the relative culpability, if any, be apportioned, together with the costs and disbursements of this action.

DATED:   Buffalo, New York
         February 4, 2008

/s/ Robert G. Scumaci
ROBERT G. SCUMACI, ESQ.
**GIBSON, McASKILL & CROSBY, LLP**
Attorneys for Defendant
MARVEN WEIMAN
69 Delaware Avenue, Suite 900
Buffalo, New York  14202
Telephone:  (716) 856-4200

TO:  JASON F. ZIMMERMAN, ESQ.
     FELDMAN, KRAMER & MONACO, P.C.
     Attorneys for Plaintiffs
     330 Motor Parkway
     Hauppauge, New York 11788
     Telephone: (631) 231-1450 - Ext. 218

## VERIFICATION

STATE OF NEW YORK   )
COUNTY OF ERIE      ) ss:
CITY OF BUFFALO     )

Robert G. Scumaci, Esq., being duly sworn, deposes and says that he is a member of Gibson, McAskill & Crosby, LLP attorneys for the Defendant MARVEN WEIMAN herein; that he has read the foregoing Answer and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those, deponent believes same to be true.

The reason this verification is made by deponent and not by Defendant MARVEN WEIMAN is that the Defendant is not a resident within the County of Erie, where deponent resides and the members of his firm have their offices. The sources of deponent's information and the grounds for his belief are reports and correspondence from representatives of the defendant presently in the file of this case in deponent's office.

/s/ Robert G. Scumaci
Robert G. Scumaci, Esq.

Sworn to before me this
4th day of February, 2008.

/s/ Cynthia S. Altenoeder
Notary Public

    CYNTHIA S. ALTENOEDER
    Notary Public, State of New York
    Qualified in Erie County
    My Commission Expires March 20, 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

DABA BADKE, an infant under the age of fourteen (14)
years by her father and natural guardian, JOHN BADKE and
JOHN BADKE, Individually,

                                    **CERTIFICATE OF SERVICE**

           Plaintiffs,

vs.

                                    Civil No. 08 CV 0210

MARVEN WEIMAN,

           Defendant

_____

      I hereby certify that on February 4, 2008, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

      1.    Jason F. Zimmerman, Esq.
             Feldman, Kramer & Monaco, P.C.
             330 Motor Parkway
             Hauppauge, New York 11788

      And, I hereby certify that I have mailed the foregoing by the United States Postal Service to:

      1.    Jason F. Zimmerman, Esq.

DATED:    Buffalo, New York
                February 4, 2008

                                        /s/ Cynthia S. Altenoeder